UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY RISHOI, *et al.*,

        Plaintiffs,

vs.

Case No. 12-12957
HON. GERSHWIN A. DRAIN

DEUTSCHE BANK NATIONAL TRUST
COMPANY, *et al.*,

        Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [#4]

**I.   INTRODUCTION**

On or about June 11, 2012, Plaintiffs, Terry and Jan Rishoi, filed the present action alleging wrongful foreclosure, fraud, slander of title and quiet title against Defendants, Homeward Residential, Inc. ("Homeward"), f/k/a American Home Mortgage Servicing, Inc., and Deutsche Bank National Trust Company, as trustee in Trust for Registered Holders of Argent Securities Inc. Asset-Backed Certificates, Series 2006-MI ("Deutsche Bank").[1] On July 5, 2012, this matter was removed to this Court from the Circuit Court for the County of Washtenaw, State of Michigan.

Presently before the Court is Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of

---

[1] Defendant, The Home Loan Center, LLC a/k/a Apollo Mortgage Group, LLC, ("HLC") was never served with the Summons and a copy of the Complaint. The Clerk of the Washtenaw County Circuit Court issued the Summons on June 11, 2012. The Summons expired on September 10, 2012. Therefore, Defendant HLC is dismissed from this action based on Plaintiffs' failure to timely serve Defendant.

the Federal Rules of Civil Procedure. The matter has been fully briefed and a hearing was held on January 8, 2012. For the reasons that follow, the Court grants Defendants' Motion to Dismiss.

## II. FACTUAL BACKGROUND

This matter involves real property located at 2904 Brockman Boulevard in Ann Arbor, Michigan (the "Property"). On March 16, 2006, the Plaintiffs entered into a mortgage loan transaction with HLC, in which Plaintiff, Terry Rishoi, executed a promissory note in the amount of $399,500.00 (the "Note"). As security for the Note, Plaintiffs granted a mortgage on the Property (the "Mortgage"). The Mortgage was recorded on May 18, 2006 with the Washtenaw County Register of Deeds in Liber 4558, Page 807. Plaintiffs allege that at the time of the mortgage transaction, HLC was no longer called Home Loan Center, LLC. On April 17, 2002, HLC changed its name to Apollo Mortgage Group.

The Mortgage was subsequently assigned by HLC to Agent Mortgage Company, LLC ("Agent Mortgage") pursuant to an Assignment of Mortgage dated October 11, 2006 and recorded on December 27, 2006 in Liber 4599, Page 302 of the Washtenaw County records. It is Plaintiffs' contention that this assignment was invalid because HLC did not exist at the time. On September 5, 2008, Argent assigned the Mortgage to Defendant Deutsche Bank, as Trustee by an Assignment of Mortgage recorded on September 17, 2008 with the Washtenaw County Register of Deeds in Liber 4699, Page 291.. The assignment was executed in California by authorized agent Dawn L. Reynolds and notarized by notary Maila Matanguihan.

Plaintiffs defaulted on their obligations under the Note and Mortgage and foreclosure proceedings by advertisement were commenced. The Property was sold at a Sheriff's sale on December 15, 2011. At the Sheriff's sale, Deutsche Bank, as Trustee, purchased the Property for $138,265.00 and received a Sheriff's Deed on Mortgage Sale. The statutory redemption period

expired on June 15, 2012. Plaintiffs filed the present action four days prior to the expiration of the redemption period.

### III. LAW & ANALYSIS

#### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires

"more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id*.

### B. Defendants' Motion to Dismiss

Defendants first argue that Plaintiffs' claims are subject to dismissal because the redemption period has expired and Plaintiffs have failed to demonstrate a clear showing of fraud or irregularity in the foreclosure process sufficient to justify setting aside the Sheriff's sale. Defendants rely on the Michigan Court of Appeals's unpublished decision in *Overton v. Mortgage Electronic Registration Systems*, No. 07-725429, 2009 WL 1507342 (Mich. App. May 28, 2009). In *Overton*, the court held that once the redemption period following a foreclosure of a parcel of real property has expired, the former owner's rights in and title to the property are extinguished. *See Overton,* 2009 WL 1507342, at *1. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a <u>clear showing of fraud, or irregularity</u>." *Id.* (emphasis added) (citing *Schulthies v. Barron*, 16 Mich.App 246, 247-248; 167 NW2d 784 (1969)).

Relying on *Overton*, Defendants argue that Plaintiffs no longer have standing to assert their claims in the Complaint because they have lost all rights in and title to the property. The Sheriff's sale occurred on December 15, 2011, thus the redemption period expired on June 15, 2012. Plaintiffs counter that Defendants' reliance on *Overton* is misplaced because the decision in *Overton* is not based on standing. Plaintiff relies on *Lamie v. Fed. Home Loan Mortg. Corp.*, No. 11-cv-156, 2012 U.S. Dist. LEXIS 70091 (W.D. Mich. May 21, 2012).

In *Lamie*, the court held that the defendant-purchaser, Federal Home Mortgage Corporation

was not entitled to dismissal based on a lack of standing. *Lamie*, 2012 U.S. Dist. LEXIS 70091, at *9-10. The *Lamie* court concluded that "the standing discussion in *Overton* that many defendants raise is a bit of a red herring, and that courts should view *Overton* as a merits decision and not a standing decision." *Lamie*, 2012 U.S. Dist. LEXIS 70091, at *9 (quoting *Langley v. Chase Home Fin., LLC*, No. 10-cv-604, 2011 U.S. Dist. LEXIS 32845, at *2 (W.D. Mich. Mar. 28, 2011)).

> Defendants routinely seek dismissal based on an unpublished decision of the Michigan Court of Appeals, *Overton v. MERS*, 2009 Mich. App. Lexis 1209 (May 28, 2009). Many Defendants suggest the basis for the ruling in *Overton* is a lack of Plaintiff's standing once the redemption period expires, but the Court of Appeals does not actually say this. Nor would it seem like Article III standing could possibly be in doubt. After all, the Plaintiffs in such cases are the last lawful owner and possessor of the property.
>
> \* \* \*
>
> Of course, having standing to bring a claim does not mean you have a valid claim on the merits. This is a different question. *Overton* is best viewed as a merits decision, not a standing case.

*Id.* The *Lamie* court ultimately found that the plaintiff failed to demonstrate any fraud or irregularity in the foreclosure process, thus there was no basis for setting aside the foreclosure sale. *Lamie*, 2012 U.S. Dist. LEXIS 70091, at *10-14.

Therefore, while Plaintiffs may be correct that Defendants are not entitled to dismissal based on lack of standing, Plaintiffs must still demonstrate that their invalid foreclosure and other claims have merit. Here, Plaintiffs fail to allege any irregularity or fraud sufficient to justify setting aside the Sheriff's sale.

Defendants argue that Deutsche Bank, as Trustee, had a right to hold an interest in the property, as well as was authorized to foreclose on the property pursuant to a valid, recorded assignment of mortgage. Defendants further argue that Plaintiffs lack standing to challenge the assignments of the Mortgage. Plaintiffs support for setting aside the foreclosure sale include: (1)

the wrong party initiated the foreclosure sale; (2) Deutsche Bank, as Trustee, is prohibited from holding title to the Property under MICH. COMP. LAWS § 555.5 because the Argent Securities Inc. Asset-Backed Pass-Through Certificates, Series 2006-MI is a passive trust; (3) there was an unrecorded assignment from Argent to Citi Residential Lending Inc., (4) the original mortgagee did not exist at the time the Mortgage was assigned to Argent, (5) the assignments contained fraudulent statements.

Plaintiffs first maintain that the proper party did not initiate the foreclosure process. Plaintiffs rely on an October 18, 2011 Notice sent to them by Postestivo & Associates, P.C., which represented that it was the designee of American Home Mortgage Servicing, Inc., however at that time, the most recent assignment made prior to the foreclosure sale was to Deutsche from Argent. *See* Plfs.' Resp., Ex. 5.  Michigan Compiled Laws § 600.3204(1)(d) requires that "[t]he party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage."  MICH. COMP. LAWS § 600.3204(1)(d).  In December 2011, Postestivo & Associates concluded the foreclosure process acting as attorneys for Deutsche as trustees.  *See* Plfs.' Resp., Ex. 6.

In *Davenport v. HSBC Bank USA*, 275 Mich. App. 344, 346-348, 739 N.W.2d 383 (2007), the entity that commenced foreclosure proceedings "published its first notice of foreclosure several days prior to acquiring its interest in the indebtedness." *Id.* at 345.  The *Davenport* court concluded the foreclosure sale was void *ab initio* because the foreclosing party failed to strictly comply with MICH. COMP. LAWS § 600.3204 when it commenced foreclosure proceedings without owning the indebtedness. *Id*. at 346.  Thus, the defendant lacked the statutory authority to foreclose.

Thus, Plaintiffs' reliance on *Davenport* is misplaced because in that matter, the foreclosing entity initiated foreclosure by advertisement by publishing its first notice prior to owning the

mortgage or acquiring an interest in the mortgage. *Id*. Here, an agent of the servicer of the Mortgage did not initiate foreclosure by advertisement, rather it provided notice of the potential availability of a loan modification pursuant to MICH. COMP. LAWS § 600.3205a. Additionally, MICH. COMP. LAWS § 600.3205a(1)(b) permits the servicer of the mortgage to send the § 3205a loan modification notice. Michigan Compiled Laws § 600.3205a(1)(b) states in relevant part: "[B]efore commencing a proceeding under this chapter to which section 3204(4) applies, the foreclosing party shall serve written notice on the borrower that contains . . . [t]he names, addresses, and telephone numbers of the mortgage holder, the mortgage servicer, or any agent designated by the mortgage holder or mortgage servicer." Thus, Defendants contend that there was no error in the notice, and even if there was an error, such an error would not entitle the setting aside of the foreclosure sale. *See Jackson Inv. Corp. v. Pittsfield Products, Inc.*, 162 Mich. App. 750, 755-56, 413 N.W.2d 99 (1987) (defects in notice render a foreclosure sale voidable rather than void).

Next, Plaintiffs assert that MICH. COMP. LAWS § 555.5 prohibits Deutsche Bank, as trustee for Argent Securities Inc. Asset-Backed Pass-Through Certificates, Series 2006-MI, to hold an interest in the subject Property because the trust is a passive trust under Michigan law. Michigan Compiled Laws § 555.5 states "[e]very disposition of lands, whether by deed or devise, hereafter made, except as otherwise provided in this chapter, shall be directly to the person in whom the right to possession and the profits shall be intended to be vested, and not to any other, to the use of, or in the trust for, such person; and if made to 1 or more persons, in trust for, or to the use of another, no estate or interest, legal or equitable, shall vest in the trustee." MICH. COMP. LAWS § 555.5.

This statute does not appear applicable to the present matter as the statute concerns "disposition of lands, whether by deed or devise" rather than assignments of security interests. In any event, Michigan courts have held that a trust is an "active trust" where the trustee is obligated

to collect income from lands and pay the proceeds to the beneficiaries. *See Hunt v. Hunt*, 124 Mich. 502, 504, 83 N.W.2d 371 (1900); *see also Yousif v. Bank of New York Mellon*, No. 12-12507, 2012 U.S. Dist. LEXIS 88271, at *3 (E.D. Mich. June 26, 2012) (concluding that a trust was an "active trust" where the defendant "holds title to the property and is required to disburse proceeds to investors holding pass through certificates."). In any event, Deutsche Bank was the mortgagee of record, which provides Deutsche Bank a sufficient ownership of an "interest in the indebtedness" to foreclose under Michigan law. "The Michigan Supreme Court has held that such a mortgage is an "interest in the indebtedness" which permits the mortgage holder to foreclose by advertisement." *Id.* (citing *Residential Funding Co., L.L.C. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011). Thus, Plaintiffs' argument lacks merit.

Next, Plaintiffs maintain that the foreclosure was invalid because there was an unrecorded assignment of mortgage from Argent to Citi Residential Lending Inc. through a merger–a transfer that was never recorded with the register of deeds. "If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." MICH. COMP. LAWS § 600.3204(3). Plaintiffs rely on *Kim v. J.P. Morgan Chase Bank*, 295 Mich. App. 200, 813 N.W.2d 778 (2012) for the proposition that every assignment must be recorded to comply with Michigan law.

Defendants first respond that Plaintiffs' assertion that Argent merged with Citi Financial is simply untrue. In any event, Plaintiffs' argument has been soundly rejected by the courts. In *Meyer v. CitiMortgage, Inc*., No. 11-13432, 2012 U.S. Dist. LEXIS 19548, at *9 (E.D. Mich. Feb. 16, 2012), the Court rejected a similar argument concluding that "both the Michigan Court of Appeals and the Michigan Attorney General have considered the issue in the context of Michigan's

foreclosure by advertisement statutes, and concluded that no assignment from the merging entity into the surviving entity is required for the purposes of compliance with M.C.L. 600.3204(3)." *Id.* (citing *Winiemko v. GE Capital Mortgage Serv. Inc.*, No. 177827, 1997 Mich. App. LEXIS 1284, at \*2 (Mich. Ct. App. Jan. 17, 1997)). This argument likewise lacks merit.

Plaintiffs further maintain that the assignment from HLC to Argent was invalid because at the time of the assignment, HLC had changed its name to Apollo Mortgage Group, LLC. Plaintiffs offer no legal authority for the proposition that an entity ceases to exist when it changes its name, nor that such a situation would permit non-parties to challenge the assignment. A non-party cannot challenge a mortgage assignment. *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010).

Plaintiffs also argue that the assignments contain false statements amounting to fraud because the statements induced Plaintiffs to make payments to a servicing company without authority to collect, and causing Plaintiffs to seek modification with parties that had no relationship to the promissory note. The *Livonia Properties Holdings* court held that "[a]n obligor may assert as a defense any matter which renders the assignment absolutely invalid[, such as] nonassignability of the instrument, assignee's lack of title, and a prior revocation of the assignment." *Id.* This exception to the rule occurs when an obligor has no protection "from having to pay the same debt twice.*" Id.* Plaintiffs' argument lacks basis in fact as the assignments do not identify the servicer of the mortgage. Plaintiffs also concede in the Response that American Home Mortgage Servicing, Inc. was the servicer of the Mortgage. *See* Plfs.' Resp. at 2. Thus, Plaintiffs cannot demonstrate any exceptions to the general rule that a non-party may not challenge a mortgage assignment.

Defendants further argue that Plaintiffs have also failed to plead a quiet title claim. The statute provides that "[a]ny person . . . who claims any right in, title to, equitable title to, interest in,

or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff . . . ." MICH. COMP. LAWS § 600.2932. Under Michigan law, the Sheriff's Deed trumps any claim the Plaintiffs may have to the property. MICH. COMP. LAWS § § 600.3236, 600.3240. Without setting forth a valid basis for setting aside the Sheriff's sale, Plaintiffs' claim for quiet title fails as a matter of law. *See Brezzel v. Bank of America, N.A.*, No. 11-11467, 2011 U.S. Dist. LEXIS 74291, at *8-9 (E.D. Mich. July 11, 2011).

Plaintiffs likewise fail to state a claim for slander of title. Slander of title under MICH. COMP. LAWS § 565.108 requires a showing of falsity, malice and special damages. *See Sullivan v. Thomas Org., PC*, 88 Mich. App. 77, 82, 276 N.W.2d 522 (1979). Even if Plaintiffs allegations concerning the invalidity of the assignments and Sheriff's sale are taken as true, Plaintiffs' allegations do not permit this Court to plausibly infer that the assignments and foreclosure documents were knowingly filed with an intent to cause them injury.

Defendants maintain that Plaintiffs have failed to state a claim for breach of contract. The Court agrees. Plaintiffs' claim that Defendants breached Paragraph 20 of the Mortgage which states, "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." Thus, Plaintiffs theorize that the statement "together with this Security Instrument" means that notice is not required when the note is transferred with the mortgage. However, if the note is not transferred with the mortgage, notice is required. Plaintiffs do not identify a single term of the Contract requiring notice of the assignments, thus they have failed to state a breach of contract claim.

Lastly, Plaintiffs' TILA claim fails as a matter of law because it is barred by the statute of limitations. Plaintiffs assert that Defendants violated the Truth in Lending Act ("TILA") when they

failed to notify Plaintiffs when the Note was sold to the Trust during its funding period in 2006, as required by 15 U.S.C. § 1641(g)(1). TILA provides a one year statute of limitations for claims seeking damages:

> Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence or violation[.]

15 U.S.C. § 1640(e). Equitable tolling of the statute of limitations is available where the plaintiff is unable to discover the alleged violation due a defendant's fraudulent concealment. In order for equitable tolling to apply to Plaintiffs' TILA claim, they must demonstrate "(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." *Hamilton County Bd. of Comm'rs v. NFL*, 491 F.3d 310, 315 (6th Cir. 2007). As an initial matter, § 1641(g)(1) did not exist in 2006, rather it was added in 2009 amendments to TILA. Additionally, Plaintiffs have failed to allege any wrongful acts of concealment on the part of Defendants. Plaintiffs' TILA claim is therefore time barred.

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [#4] is GRANTED.

This cause of action is dismissed.

Dated: January 11, 2013

          /s/Gershwin A Drain
          Gershwin A. Drain
          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

A copy of this Order was served upon attorneys of record by ordinary

mail or electronic mail.

s/ Tanya R Bankston

Deputy Clerk